

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| UNITED STATES OF AMERICA, | CR 12-02-BU-DLC |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| JOHN C. SAVILLE, | |
| Defendant. | |

United States Magistrate Judge Jeremiah C. Lynch issued findings and recommendations on May 20, 2013, recommending Defendant John Saville's motion to suppress be denied. (Doc. 27.) Defendant timely objected to the findings and recommendations and is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). For the reasons stated below, this Court adopts Judge Lynch's findings and

1

recommendations in full. Because the parties are familiar with the procedural and factual background of this case, it will not be restated here.

Defendant argues that Detective McNeil went beyond the limits of the pen/trace order issued by the Montana District Court Judge by setting the Gatekeeper to search for the terms "Gnutella" and "Shareaza." The pen/trace order permitted law enforcement to capture "information associated with all communications between wireless devices and WAPs that are transmitted in the vicinity of the Comfort Inn . . . . This information will include, but is not limited to, the date, time, and duration of the communication, and the following, without geographic limit: IP addresses, MAC addresses, Port numbers, Packet headers." (Doc. 18-3 at 1-2.) Defendant contends that Gnutella and Shareaza are not IP addresses, MAC addresses, Port numbers, or Packet headers, nor are they dialing, routing, addressing, or signaling information. Thus, the Gatekeeper's search for and hit on Gnutella exceeded the scope of the pen/trace order.

Defendant further argues Judge Lynch erred by finding that Gnutella was automatically generated by Saville's computer before any exchange of information with any other computer on the Gnutella network. He says Mr. Michael testified during the hearing that the exchange was not automatic. Instead, it was user-initiated communication that generated the term Gnutella and captured the

2

substance of the communication. Or, because the purpose of the Gnutella network is file-sharing, the Gatekeeper's search for and hit on that term revealed the content of the communication.

The pen/trap statute defines a pen register as "a device or process which records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, provided, however, that such information shall not include the contents of any communication . . . ." 18 U.S.C. § 3127(3). Content is defined as "any information concerning the substance, purport, or meaning of communication." 18 U.S.C. § 2510(8). "[C]ontent is limited to information the user intended to communicate, such as the words spoken in a phone call." *In Re iPhone Application Litigation*, 844 F.Supp.2d 1040, 1061 (N.D.Cal. 2012). In *In Re iPhone Application*, the Court held that the iphone users' geolocation data was "generated automatically, rather than through the intent of the user, and therefore does not constitute 'content' susceptible to interception." *Id.*

Defendant's argument that the search for the term Gnutella itself revealed content of his communication in violation of the pen/trap statute fails. The search term Gnutella did not inform law enforcement about the substance, meaning or purpose of any of Defendant's electronic communications. Rather, it merely

3

indicated Defendant was utilizing the peer-to-peer network. This fact alone did not inform them that Defendant was viewing or accessing child pornography. Detective McNeil could have used a search term that provided such content-revealing information, such as "preteen hardcore." He did not, and he therefore did not violate the pen/trap order. This Court agrees with Judge Lynch's reasoning, and Defendant's motion to suppress will be denied.

There being no clear error in Judge Lynch's remaining findings and recommendations,

IT IS ORDERED:

1. Judge Lynch's Findings and Recommendations (doc. 27) are adopted in full.

2. Defendant's motion to suppress (doc. 17) is DENIED.

3. A bench trial is set in this case for July 18, 2013, at 8:30 a.m., Russell Smith Courthouse, Missoula, Montana.

DATED this 21st day of June, 2013.

Dana L. Christensen, Chief Judge
United States District Court